IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TOMMY EARL JONES,

       Plaintiff,                        NO. 3:16-cv-02877

vs.                                   JUDGE WILLIAM L. CAMPBELL, JR.
                                          Magistrate Judge Kemp

NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

To: The Honorable William C. Campbell, Jr., Judge

## REPORT AND RECOMMENDATION

      This is an action instituted under the provisions of 42 U.S.C. §§ 405(g) and 1383 to review a final decision of the Commissioner of Social Security denying Plaintiff's application for supplemental security income. Plaintiff filed a motion for judgment on the administrative record on June 5, 2017 (Doc. 23) and the Commissioner responded on July 5, 2017 (Doc. 24). For the following reasons, it will be recommended that Plaintiff's motion be **DENIED** and that this action be **DISMISSED**.

### I. Background

      This is not the first time that a decision on Plaintiff's application (which was filed with the Commissioner on September 4, 2008) is before this Court. Plaintiff appealed a prior unfavorable decision and, in *Jones v. Colvin*, 2014 WL 3783930 (M.D. Tenn. July 31, 2014), the Court held that the Commissioner was entitled to conclude that Plaintiff did not suffer from Crohn's disease and that the Commissioner properly rejected Plaintiff's subjective complaints of debilitating pain. The Commissioner had concluded that Plaintiff suffered from one severe impairment, duodenintis, but that it did not preclude him from engaging in substantial gainful activity.

      Plaintiff appealed this Court's decision to the United States Court of Appeals for the Sixth Circuit. On appeal, Plaintiff argued that his impairments were not properly considered under the applicable section of the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 5.06. Agreeing, in a decision filed on June 10, 2015 (Case No. 14-6066), the Court of Appeals reversed and remanded, concluding that the Administrative Law Judge erred by considering

Plaintiff's abdominal impairment under two other sections of the Listing, 6.00 and 8.00, which deal, respectively, with genitourinary impairments and skin disorders. Noting that Plaintiff's history "showed that he suffered from some of the symptoms and effects that are required to meet Listing 5.06," the Court of Appeals held that the ALJ's error was not harmless, and it "remand[ed] the case to the ALJ for reconsideration of the evidence relating to the issue of whether [Plaintiff] meets the criteria" for that Listing. *See* Doc. 15-2 (Transcript of Administrative Proceedings) at 532.

In the ALJ's decision after remand (Tr. 374-82), the ALJ acknowledged that the case was remanded "for the Commissioner to (sic) whether claimant's impairment met the Listing." (Tr. 374). However, the ALJ proceeded, first, to redetermine the issue of whether Plaintiff suffered from a severe impairment at all, noting that because the prior ALJ's decision had been vacated by an order from the Appeals Council, he was not bound by the prior severity determination. (Tr. 375). The ALJ reviewed the evidence, which was much the same evidence considered by the prior ALJ - the most significant exception being a review of the medical file by a medical consultant, Dr. Patel - and found that Plaintiff did not have a severe impairment of any kind. In deference to the Court of Appeals' decision, however, the ALJ also analyzed Plaintiff's abdominal impairment under Listing 5.06 and concluded that it did not satisfy the criteria set forth in that Listing.

Plaintiff, proceeding *pro se*, raises the following issues in his motion for judgment. First, he asserts that the ALJ was in "constructive contempt" of the Court of Appeals by not following its order of remand. He also contends that the ALJ erred by finding that he could perform medium, light, and sedentary work notwithstanding his gastrointestinal disorders, that the ALJ erred by finding that Plaintiff did not suffer from Crohn's disease, and that the Social Security Administration erred by not issuing a subpoena for Plaintiff's prison medical file or records from a separate lawsuit in which he apparently alleges Eighth Amendment violations on the part of prison officials.

## II. The Medical Records

The Court's prior decision described the medical records in this fashion:

> Plaintiff's medical records show that he was treated for abdominal pain and weight loss at CMC on February 13, 17, 23, and April 6, 2009. (Tr. 320–36.) On February 13, 2009, Dr. Babu Rao performed an esophagogastroduodenoscopy and a biopsy to evaluate Plaintiff's abdominal pain and ordered a colonoscopy because Plaintiff's prior medical findings suggested Plaintiff had Crohn's disease of the small bowel. (Tr. 331.) In a pathology report from CMC dated February 16, 2009, Dr. Dan E. Connor analyzed the samples taken from the February 13 biopsy and diagnosed Plaintiff with "[b]enign gastric antral mucosa with focal mild active gastritis." (Tr. 332.) On February 17, 2009, Dr. Rao performed a colonoscopy and a biopsy and reported that he suspected Plaintiff had Crohn's disease. (Tr. 327.) In a pathology report dated February18, 2009, Dr. Erickson analyzed the samples taken from the February 17 biopsy and diagnosed Plaintiff with "[u]lceration with active inflammatory exudate" which was "consistent with, but not specifically suggestive of, involvement by Crohn's disease." (Tr. 328.).

***

Subsequently, Dr. Montesi performed a small bowel series exam on February 23, 2009, for which his report noted Plaintiff was "[n]ewly diagnosed [with] Crohn's disease." (Tr. 325.) However, Dr. Montesi listed the abnormalities found during the exam as "consistent with," but not dispositive of, Crohn's disease. (*Id*.) On April 6, 2009, Plaintiff presented to the emergency room at CMC with abdominal pain. (Tr. 320.) Dr. Terry Wayne Cain wrote "[s]ignificant for Crohn's" under past medical history, but after examining Plaintiff in the emergency room and finding no notable abnormalities in his blood work, Dr. Cain determined that Plaintiff did not meet the criteria for admission and reported that his final impression of Plaintiff's condition was simply "[a]bdominal pain." (Tr. 320–21.) A review of the medical records provided by CMC demonstrates that Crohn's disease was only one possibility among a number of alternative diagnoses considered by treating physicians evaluating Plaintiff's symptoms.

*Jones v. Colvin*, 2014 WL 3783930, at *3–4 (M.D. Tenn. July 31, 2014).

On remand, the ALJ submitted these records to Dr. Minesh Patel, a medical expert. Dr. Patel answered a number of interrogatories, stating, significantly, that the evidence was sufficient to permit him to form an opinion about the severity of Plaintiff's impairments, that the only impairment from which Plaintiff suffered was mild chronic duodenitis, that the impairment neither met nor equaled the requirements of Listings 5.00, 5.06, 6.00, or 8.00, and that Plaintiff did not have any limitations in physical activity or exertion. (Tr. 762-64).

### III. The ALJ's Decision

The ALJ made the following findings of fact and conclusions of law:

    1. Claimant has not engaged in substantial gainful activity since September 4, 2008, the application date.

    2. Claimant has the following medically determinable impairments: inflammatory bowel disease/chronic duodenitis; GERD; and a history of hiatal hernia.

    3. Claimant does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months; therefore, claimant does not have a severe impairment or combination of impairments.

    4. Claimant has not been under a disability, as defined in the Social

Security Act, since September 4, 2008, the date the application was filed.

(Tr. 374-82). Ordinarily, as the ALJ recognized, a finding of no severe impairment terminates the required five-step analysis at step two. However, in view of the Court of Appeals' determination that Plaintiff might have met one or more of the criteria for establishing disability under Listing 5.06, the ALJ also addressed that question.

Listing 5.06 sets forth the criteria for disability as follows:

5.06 Inflammatory bowel disease (IBD) documented by endoscopy, biopsy, appropriate medically acceptable imaging, or operative findings with:

1. A. Obstruction of stenotic areas (not adhesions) in the small intestine or colon with proximal dilatation, confirmed by appropriate medically acceptable imaging or in surgery, requiring hospitalization for intestinal decompression or for surgery, and occurring on at least two occasions at least 60 days apart within a consecutive 6–month period;

OR

B. Two of the following despite continuing treatment as prescribed and occurring within the same consecutive 6–month period:

1. Anemia with hemoglobin of less than 10.0 g/dL, present on at least two evaluations at least 60 days apart; or

2. Serum albumin of 3.0 g/dL or less, present on at least two evaluations at least 60 days apart; or

3. Clinically documented tender abdominal mass palpable on physical examination with abdominal pain or cramping that is not completely controlled by prescribed narcotic medication, present on at least two evaluations at least 60 days apart; or

4. Perineal disease with a draining abscess or fistula, with pain that is not completely controlled by prescribed narcotic medication, present on at least two evaluations at least 60 days apart; or

5. Involuntary weight loss of at least 10 percent from baseline, as computed in pounds, kilograms, or BMI, present on at least two evaluations at least 60 days apart; or

6. Need for supplemental daily enteral nutrition via a gastrostomy or daily parenteral nutrition via a central venous catheter.

20 C.F.R. § Pt. 404, Subpt. P, App. 1

In finding that Plaintiff's impairments were not of sufficient severity to satisfy this Listing, the ALJ stated that:

> No physician of record, including any treating, examining, or non-examining physician indicated claimant's impairments met or equaled a Medical Listing. As discussed elsewhere in the decision, medical expert, Dr. Patel confirmed that claimant did not have any limitations from his impairments and also that claimant did not have an impairment or combination of impairments that met or equaled a Listing.

(Tr. 376). The ALJ specifically discussed several of the relevant criteria set out in Listing 5.06, noting that there was no formal diagnosis of anemia, that claimant's hemoglobin level never fell below the required threshold, that his albumin level was below the one prescribed in the Listing on only one occasion, that on examination Plaintiff did not generally exhibit nausea or emesis, and that since the date of Plaintiff's application, he had gained a significant amount of weight, with his BMI being 22 by February of 2009. (Tr. 380). The ALJ also considered whether Plaintiff's subjective description of symptoms and limitations supported the presence of a more severe condition, but, incorporating the findings of the prior ALJ, concluded that "claimant's statements of limitations cannot reasonably be accepted as consistent with the medical and other evidence." (Tr. 381).

### IV. Discussion

As the Court set out in its prior decision,

> Title II of the Social Security Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g) (2012). Therefore, the Court's review is limited to "a determination of whether substantial evidence exists in the record to support the [Commissioner's] decision and to a review for any legal errors." *Landsaw v. Sec'y of Health & Human Servs.,* 803 F.2d 211, 213 (6th Cir.1986). Substantial evidence is a term of art and is defined as " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consol. Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)). It is "more than a mere scintilla of evidence, but less than a preponderance." *Bell v. Comm'r of Soc. Sec.,* 105 F.3d 244, 245 (6th Cir.1996) (citing *Consol. Edison,* 305 U.S. at 229).

> "Where substantial evidence supports the Secretary's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion." *Crum v. Sullivan,* 921 F.2d 642, 644 (6th Cir.1990) (citing *Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir.1986) (en banc)). This standard of review is consistent

with the well-settled rule that the reviewing court in a disability hearing appeal is
not to weigh the evidence or make credibility determinations, because these
factual determinations are left to the ALJ and to the Commissioner. *Hogg v.
Sullivan,* 987 F.2d 328, 331 (6th Cir.1993); *Besaw v. Sec'y of Health & Human
Servs.,* 966 F.2d 1028, 1030 (6th Cir.1992). Thus, even if the Court would have
come to different factual conclusions as to the Plaintiff's claim on the merits than
those of the ALJ, the Commissioner's findings must be affirmed if they are
supported by substantial evidence. *Hogg,* 987 F.2d at 331.

*Jones v. Colvin*, No. 3:12-CV-00636, 2014 WL 3783930, at *2.

Before reaching the question of whether the ALJ's decision satisfies the substantial evidence test, the Court must address the issue of whether the ALJ violated the Court of Appeals' remand order by reconsidering the prior finding that Plaintiff suffered from a severe impairment. The Commissioner, citing to *Hollins v. Massanari*, 49 Fed. App'x 533 (6th Cir. Oct 17, 2002), argues that the Commissioner has the authority under the Social Security Act to make findings on any issue relating to disability even if a remand order from a court does not explicitly confer that authority. According to the Commissioner, nothing in the Court of Appeals' decision prohibited the ALJ from revisiting the issue of severity and from making findings which differed from those made in the prior administrative decision.

*Hollins*, an unreported (and therefore not binding) decision, may not provide as much support for the Commissioner's argument as the Commissioner contends. That case held only that a remand order which did not decide any issue in the case on its merits left all issues open for review by the Commissioner. In contrast, in *Gower v. Astrue*, 2008 WL 2852255 (M.D. Tenn. July 23, 2008), this Court rejected a similar argument in a case where the Court of Appeals had remanded a social security case for a more complete analysis of a specific step in the sequential evaluation process - there, step five, dealing with the claimant's ability to perform substantial gainful activity given his specific residual functional capacity. The Commissioner refused to do that analysis, instead making a new finding as to the claimant's residual functional capacity and then using that new finding as a basis for denying benefits. This Court held that the language of the mandate was clear and that it limited the ALJ to making a new step five determination. Because he failed to do so, the Court made that finding itself and awarded benefits.

Here, the Court of Appeals clearly instructed the Commissioner to "reconsider[] the evidence relating to the issue of whether [Plaintiff] meets the criteria for Listing 5.06." That is a step three question. Had the ALJ simply revisited the issue of whether Plaintiff had a severe impairment, which is the step two inquiry, that might well have violated the mandate. However, because the ALJ did not stop his analysis at that point, but also performed the required step three evaluation, the Court finds that any error in the ALJ's decisional process was

harmless, and it will proceed to decide if the ALJ had a substantial basis for finding that Plaintiff did not establish disability under Listing 5.06.

Like other issues in a Social Security case, the question of whether the Court must uphold the Commissioner's decision about whether a claimant has an impairment that satisfies a Listing is judged under the substantial evidence standard. *See, e.g., Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001)("Substantial evidence exists to support the ALJ's conclusion that Foster does not meet the listing..."). That means that the Court is bound by the Commissioner's decision on this issue if a reasonable person could have interpreted the evidence in the same manner.

Here, the ALJ correctly identified the criteria needed in order for a claimant to demonstrate that an impairment satisfied Listing 5.06. Although the Court of Appeals did not specify which of Plaintiff's symptoms or effects might have met that Listing, it would appear to have been his testimony about weight loss and, perhaps, the suggestion in the record that Plaintiff suffers from Crohn's disease, which can cause some of the symptoms described in the Listing, such as "diarrhea, fecal incontinence, rectal bleeding, abdominal pain, fatigue, fever, nausea, vomiting , arthralgia, abdominal tenderness, palpable abdominal mass, and perineal disease." *See* Tr. 531 (Court of Appeals decision). The ALJ is correct, however, that the evidence that Plaintiff actually experienced any of these symptoms or effects from his gastrointestinal disorder is either scant or non-existent. The only evidence of severe weight loss predates Plaintiff's application. The medical records from CMC and from other examining or treating physicians show few symptoms, and there are no test results that satisfy the Listing; even the abnormal albumin finding occurred only once, and the Listing requires it to be abnormal "on at least two evaluations at least 60 days apart..." The opinion of the medical consultant, Dr. Patel, was also entitled to be given some weight by the ALJ. Overall, the Court concludes that the ALJ did not err by finding that Plaintiff's condition - whether it was Crohn's disease or some other combination of gastrointestinal disorders - did not meet Listing 5.06.

Plaintiff also repeats arguments he made in his prior appeal concerning the ALJ's failure to conclude that he suffered from Crohn's disease and the ALJ's finding that he retained the residual functional capacity to do medium, light, and sedentary work. These issues were not specifically addressed by the Court of Appeals, and the latter issue was not addressed at all by the more recent ALJ decision. The Court finds no merit in either of these arguments.

As to the issue of whether Plaintiff suffers from Crohn's disease, as this Court pointed out in its prior decision, "neither Dr. Connor nor Dr. Erickson diagnosed Plaintiff with Crohn's disease in their pathology reports," and Crohn's disease was only an alternative finding in most of the medical reports. *See Jones v. Colvin, supra* at *4. A reasonable person could have found, based on this record, that Plaintiff did not have Crohn's disease. There is no basis upon which to disturb the Court's prior finding on this issue.

The most recent ALJ decision did not evaluate Plaintiff's residual functional capacity. To the extent that Plaintiff challenges the prior ALJ's determination that he could work at

various exertional levels, again, this Court has already decided that the ALJ made a proper credibility finding and was entitled to reject Plaintiff's testimony about debilitating symptoms. No physician expressed an opinion that Plaintiff was precluded from doing work at or below the medium exertional level, and there is evidence in the record from which one could conclude that Plaintiff had no exertional limitations at all. *See, e.g.,* Tr. 289, 294 (opinion of Dr. Watson, the consultative examiner). Dr. Patel reached the same conclusion. The Court finds no error in the Commissioner's decision on this issue.

Finally, Plaintiff argues that the ALJ should have subpoenaed records from litigation which is ongoing between Plaintiff and the Department of Corrections. However, Plaintiff made no showing as to how such records might shed light on the issues considered by the ALJ, nor did he demonstrate why he could not have obtained copies of his prison medical file. Under these circumstances, the ALJ had no obligation to subpoena the records in question. *See Luukkonen v. Comm'r of Social Security*, 653 Fed. App'x 393 (6th Cir. June 22, 2016). Consequently, this claim provides no basis for overturning the ALJ's decision.

## V. Recommendation

For all the reasons set forth above, the Court **RECOMMENDS** that the Motion for Judgment (Doc. 23) be **DENIED**, that the decision of the Commissioner be **AFFIRMED**, and that judgment be entered in favor of the Commissioner

## VI. Procedure on Objection

If any party seeks review of this Report and Recommendation by the assigned District Judge, that party may, within 14 days, file and serve on all parties written objections to the Report and Recommendation which specifically identify the part of the Report to which objection is made as well as the reasons supporting that objection. *See* 28 U.S.C. 636(b)(1); Fed.R.Civ.P. 72(b). Any response must be filed withing 14 days thereafter. Failure to object to a Report and Recommendation waives any right to obtain *de novo* review by the District Judge and waives any issues that might otherwise be raised on appeal. *See, e.g., Robert v. Tesson,* 507 F.3d 981,994 (6th Cir. 2007)

/s/ Terence P. Kemp
United States Magistrate Judge