IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| TOMMY EARL JONES, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | NO. 3:16-cv-02877 |
| NANCY A. BERRYHILL, Acting | ) | JUDGE CAMPBELL |
| Commissioner of Social Security, | ) | MAGISTRATE JUDGE KEMP |
| Defendant. | ) | |

## ORDER

Pending before the Court is a Report and Recommendation (Doc. No. 31), in which Magistrate Judge Terence P. Kemp finds that the decision of the Social Security Administration denying Plaintiff's claim for benefits is supported by substantial evidence, and recommends that the Plaintiff's Motion For Judgment (Doc. No. 23) be denied. Plaintiff has filed Objections (Doc. No. 32) to the Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.03(b)(3), the court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General objections are insufficient and may result in waiver of review. *See, e.g., Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009). In conducting the review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

In social security cases, the court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir.2007)). "Substantial evidence," for

purposes of this review, is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Lindsley v. Comm'r of Soc. Sec.,* 560 F.3d 601, 604 (6th Cir.2009)). If substantial evidence supports the Commissioner's decision, the court must affirm "even if substantial evidence exists in the record supporting a different conclusion." *Id.*

Plaintiff's first objection to the Report And Recommendation states as follows: "As stated in Motions Plaintiff meets criteria for appointment of counsel (review Motions filed)." (Doc. No. 32, at 1). Plaintiff fails to cite any portion of the record, or any legal authority, in support of his objection. In an Order entered on December 13, 2017 (Doc. No. 26), Magistrate Judge Barbara D. Holmes denied Plaintiff's motion to appoint counsel, and described the efforts of the Administrative Law Judge ("ALJ") to persuade Plaintiff to obtain counsel:

> Additionally, there is no indication in Plaintiff's motion that he has made any effort to obtain an attorney. This is significant in light of the underlying administrative hearing that took place in October of 2010, during which the administrative law judge ('ALJ') repeatedly offered to postpone the hearing to allow Plaintiff an opportunity to secure counsel. (*See* Transcript of the Administrative Record (Docket Entry No. 21) at 43-48). The ALJ carefully explained that a claimant is not entitled to an attorney as a matter of right in Social Security cases, but that Plaintiff would likely be able to obtain an attorney on a contingency basis and thus avoid the potential dilemma of not being able to afford representation. (*Id*. at 43-44, 46). The ALJ also offered to provide Plaintiff with the contact information for Legal Aid Society, an organization dedicated to providing free legal assistance to low-income clients, and to postpone the hearing to allow Plaintiff an opportunity to contact the organization. (*Id.* at 44-45). The ALJ even advised Plaintiff two separate times that if he elected to participate in the hearing without representation, he could later retain counsel to appeal any unfavorable decision issued by the ALJ. (*Id.* at 46-48).
>
> Despite such admonitions from the ALJ, Plaintiff elected to 'knowingly and intelligently and voluntarily waive [] his right to representation . . . ' and proceed with the administrative hearing. (*Id.* at 47). . . .

(Doc. No. 26, at 2-3) (footnote omitted). Plaintiff appealed the Magistrate Judge's decision on this issue, and this Court affirmed. (Doc. No. 30).

2

Plaintiff's objection fails to explain why the decisions of the Magistrate Judge and/or the ALJ regarding appointment of counsel were in error. This objection is overruled.

Plaintiff's second objection is to the ALJ's failure to subpoena his prison medical file. In the Report And Recommendation, the Magistrate Judge addressed this issue as follows:

> Finally, Plaintiff argues that the ALJ should have subpoenaed records from litigation which is ongoing between Plaintiff and the Department of Corrections. However, Plaintiff made no showing as to how such records might shed light on the issues considered by the ALJ, nor did he demonstrate why he could not have obtained copies of his prison medical file. Under these circumstances, the ALJ had no obligation to subpoena the records in question. *See Luukkonen v. Comm'r of Social Security*, 653 Fed. App'x 393 (6th Cir. June 22, 2016). Consequently, this claim provides no basis for overturning the ALJ's decision.

(Doc. No. 31, at 8).

Plaintiff's objection on this point fails to explain why the decision of the Magistrate Judge and/or the ALJ regarding his prison medical file was in error. This objection is overruled.

Finally, Plaintiff objects to the ALJ's determination that Plaintiff failed to establish the disability listing in 20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 5.06. In the Report And Recommendation, the Magistrate Judge addressed this issue as follows:

> Here, the ALJ correctly identified the criteria needed in order for a claimant to demonstrate that an impairment satisfied Listing 5.06. Although the Court of Appeals did not specify which of Plaintiff's symptoms or effects might have met that Listing, it would appear to have been his testimony about weight loss and, perhaps, the suggestion in the record that Plaintiff suffers from Crohn's disease, which can cause some of the symptoms described in the Listing, such as 'diarrhea, fecal incontinence, rectal bleeding, abdominal pain, fatigue, fever, nausea, vomiting, arthralgia, abdominal tenderness, palpable abdominal mass, and perineal disease.' *See* Tr. 531 (Court of Appeals decision). The ALJ is correct, however, that the evidence that Plaintiff actually experienced any of these symptoms or effects from his gastrointestinal disorder is either scant or non-existent. The only evidence of severe weight loss predates Plaintiff's application. The medical records from CMC and from other examining or treating physicians show few symptoms, and there are no test results that satisfy the Listing; even the abnormal albumin finding occurred only once, and the Listing requires it to be abnormal 'on at least two evaluations at least 60 days apart...' The opinion of the medical consultant, Dr. Patel, was also entitled to be given some weight by the

ALJ. Overall, the Court concludes that the ALJ did not err by finding that Plaintiff's condition - whether it was Crohn's disease or some other combination of gastrointestinal disorders - did not meet Listing 5.06.

Plaintiff also repeats arguments he made in his prior appeal concerning the ALJ's failure to conclude that he suffered from Crohn's disease and the ALJ's finding that he retained the residual functional capacity to do medium, light, and sedentary work. These issues were not specifically addressed by the Court of Appeals, and the latter issue was not addressed at all by the more recent ALJ decision. The Court finds no merit in either of these arguments.

As to the issue of whether Plaintiff suffers from Crohn's disease, as this Court pointed out in its prior decision, 'neither Dr. Connor nor Dr. Erickson diagnosed Plaintiff with Crohn's disease in their pathology reports,' and Crohn's disease was only an alternative finding in most of the medical reports. *See Jones v. Colvin, supra* at *4. A reasonable person could have found, based on this record, that Plaintiff did not have Crohn's disease. There is no basis upon which to disturb the Court's prior finding on this issue.

(Doc. No. 31, at 7).

Aside from intimating that the decisions of the ALJ and/or Magistrate Judge were based on Plaintiff's race, Plaintiff has failed to explain why the decisions were in error. Therefore, this objection is also overruled.

Having conducted a *de novo* review of the Magistrate Judge's determinations, Plaintiff's objections, and the record in this case, the court concludes that the Plaintiff's objections are without merit, and the Report and Recommendation should be accepted. Accordingly, the decision of the Social Security Administration is AFFIRMED, and the Plaintiff's Motion For Judgment (Doc. No. 23) is DENIED.

This action is **DISMISSED**, and the Clerk is directed to close the file. This Order shall constitute the final judgment in this case pursuant to Fed. R. Civ. P. 58.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE